UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID S. BURNHAM,

        Plaintiff,

-v-

ENCAP TECHNOLOGIES, LLC,

        Defendant.

Case Nos. 3:14-cv-279, 3:15-cv-024 and 3:15-cv-088

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING BURNHAM'S MOTION TO REMAND (3:15-CV-024, Doc. # 4); CONSOLIDATING CASE NOS. 3:14-CV-279, 3:15-CV-024 AND 3:15-CV-088; TERMINATING CASE NOS. 3:14-CV-279 AND 3:15-CV-088 AND ORDERING THE PARTIES TO FILE ANY SUBSEQUENT PLEADINGS IN CASE NO. 3:15-CV-024**

---

Now before the Court is a Motion To Remand filed by Plaintiff David S. Burnham ("Burnham"). (Doc. #4.) This Motion is now fully briefed and ripe for decision.

The Complaint in this matter was originally filed in the Common Pleas Court of Montgomery County, Ohio on August 9, 2014. (Doc. #3.) This Complaint was subsequently removed to this Court on August 20, 2014 based upon this Court having diversity jurisdiction. It was assigned Case No. 3:14-cv-279 (the "August 2014 Case"). The case was assigned to Judge Rose. This Court remanded the Complaint on November 6, 2014, finding that it did not have jurisdiction because Defendant ENCAP Technologies, LLC ("ENCAP") had not been properly served. (August 2014 Case Doc. #9.)

The Complaint was again removed to this Court on January 1, 2015, again, based upon this Court having diversity jurisdiction. This Case was initially assigned Case No. 3:15-cv-024 (the "January 2015 Case") and was assigned to Judge Rose. It is in this Case that the Motion To

Remand now before the Court is to be found.

The Complaint was removed to this Court for the third time on March 5, 2015, again, based upon this Court having diversity jurisdiction. It was assigned Case No. 3:15-cv-088 (the March 2015 Case") and was assigned to Judge Rice. Subsequently, the March 2015 Case was determined to be related to the January 2015 Case so the March 2015 Case was reassigned to Judge Rose.

Burnham now seeks to remand the January 2015 Case because the Notice of Removal is untimely.[1] ENCAP responds that the January 2015 Case should not be remanded because the Complaint has been timely removed to this Court.

The issue appears to be when the Complaint was properly served on ENCAP. There are at least three realistic possibilities. First, when ENCAP's Counsel received a copy of the Complaint via email on August 9, 2014. Second, when the Complaint was served via regular mail which was received on December 26, 2014. Third, when the Complaint was served via certified mail on ENCAP's statutory agent on February 5, 2015. There apparently were other unsuccessful attempts at service, at least one of which has already been considered by this Court in the August 2014 Case.

The informal email service is not argued by either party to be successful service and the Court has previously determined that it was not. Therefore, the informal email service will be considered no further.

A defendant's right to remove a case to Federal Court is triggered by service of a summons and complaint in accordance with state law. *Murphy Brothers, Inc. v. Michetti Pipe*

---

[1] A motion to remand has not yet been filed in the March 2015 Case.

*Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). A defendant must file a notice of removal within thirty (30) days of receipt, through service or otherwise, of a copy of the complaint. 28 U.S.C. § 1446. Thus, there is an "Exclusive Removal Window."

The question here is when ENCAP received a copy of Burnham's Complaint "through service or otherwise." There are two (2) realistic possibilities. One when Burnham's Complaint was served via regular mail and received on December 26, 2014 and one when Burnham's Complaint was served via certified mail received on February 5, 2015.

However, this question need not be answered definitively at this time because ENCAP removed Burnham's Complaint within the Exclusive Removal Window applicable to both possible services. ENCAP removed Burnham's Complaint within thirty (30) days of when Burnham's Complaint was served via regular mail. The January 2015 Case was opened as a result of this removal.

ENCAP also removed Burnham's Complaint within thirty (30) days of when Burnham's Complaint was served via certified mail on ENCAP's statutory agent. The March 2015 Case was opened as a result of this removal.

The March 2015 Case has now been reassigned to Judge Rose. The Complaint at issue is the same in each of the three cases, the August 2014 Case, the January 2015 Case and the March 2015 Case. Irregardless of which service is considered proper, Burnham's Complaint has been properly removed and is now before Judge Rose. Thus, Burnham's Motion To Remand (doc. #4) is OVERRULED.

Further, since Burnham's Complaint is the same for each of the cases, there is no need to keep all three cases open and active. Thus, all three cases are consolidated and the August 2014

Case and the March 2015 Case can been terminated on this Court's docket records. Any further filings are to be made in the January 2015 Case, No. 3:15-cv-024.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Fifth Day of March, 2015.

                                          **s/Thomas M. Rose**
                                    _____
                                          THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record